| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| *versus* § | CASE NO. 1:24-CR-109(2) |
| § | |
| DARRELL JOSHUA BENDY § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion to Dismiss Count One of the Indictment for Insufficiency and Constitutional Deficiency (#397). On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841.

On September 5, 2025, the court entered an Amended Pretrial Order (#299) stating that pretrial motions shall be filed no later than October 27, 2025. Accordingly, Bendy's motion (#397), which was hand delivered to the Clerk's Office on November 6, 2025, is untimely under the court's pretrial order.

Moreover, Bendy's contentions have previously been considered and rejected by the court. Bendy's pending motion (#397) alleges that Count One of the Indictment should be dismissed because it fails to allege facts with sufficient specificity and all essential elements of the charged offense. Bendy also avers that Count One fails to demonstrate that a grand jury found probable

cause based on specific, factual allegations. Bendy further contends that Count One is too vague to protect against double jeopardy.

On September 10, 2025, Bendy filed a Motion to Dismiss Indictment (#309) based on the same or similar grounds. Judge Stetson entered a Report and Recommendation (#327), which the undersigned adopted (#350), recommending that Bendy's motion (#309) be denied. In the Report and Recommendation, Judge Stetson noted that "an indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend." *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013); *see also United States v. McGuire*, 151 F.4th 307, 335 (5th Cir. 2025) ("The indictment must '(1) contain[] the elements of the offense charged; (2) fairly inform[] the defendant of the charges he must prepare to meet; and (3) enable[] a defendant to plead an acquittal or a conviction in bar to future prosecutions for the same offense.'" (quoting *United States v. Davis*, 53 F.4th 833, 845 (5th Cir. 2022))). "This ensures that the grand jury finds probable cause that a defendant has committed each element of the offense, as required by the Fifth Amendment." *McGuire*, 151 F.4th at 335.

Judge Stetson concluded that "the Indictment in this case fairly informs the Defendant of the crimes alleged and alleges sufficient facts to give him notice. It also contains all of the elements of the crimes alleged and tracks the statute's language." Judge Stetson further found "no duplicitous or multiplicitous counts and no constitutional violations in the Indictment." On October 16, 2025, the undersigned, after careful review, found that the findings of fact and conclusions of law of the United States Magistrate Judge were correct, adopted the Report and Recommendation, and denied Bendy's motion to dismiss (#350). Accordingly, the contentions

raised in Bendy's pending motion have already been considered and rejected. The court will not revisit its prior ruling and once again finds Bendy's motion to dismiss to be without merit.

In accordance with the foregoing, Bendy's *pro se* Motion to Dismiss Count One of the Indictment for Insufficiency and Constitutional Deficiency (#397) is DENIED.

SIGNED at Beaumont, Texas, this 7th day of November, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE