| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CASE NO. 1:24-CR-109(2) |
| | § |
| DARRELL JOSHUA BENDY | § |

## MEMORANDUM AND ORDER

On the morning of the Final Pretrial Conference on November 12, 2025, three typed, unsigned documents were delivered to the court by a non-lawyer on behalf of Defendant Darrell Joshua Bendy ("Bendy"). The documents included: (1) Defendant's Response in Opposition to Government's Motion in Limine ("Attachment A" to this order); (2) Defendant's Motion for Mistrial and/or Sanctions ("Attachment B" to this order); and (3) Motion for Return of Property ("Attachment C" to this order). The court and the parties discussed the documents during the Final Pretrial Conference and the court concluded that they would not be accepted for filing. Further, to the extent Bendy raised the issues in the motions at the Final Pretrial Conference, the court denied the requested relief.

First, the court concluded that the documents appear to have been prepared by an individual (other than Bendy in his *pro se* capacity) who is not admitted to practice law in this court. Only an attorney admitted to practice in this court is authorized to sign, prepare, and file a motion on behalf of another person or entity. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); E.D. TEX. R. AT-1 (requiring that an attorney be "admitted to practice before the Supreme Court of the United States, a United States Court of Appeals, a United States District Court, or the highest

court of a state," to be eligible for admission to the bar of the Eastern District of Texas); *see Matthews v. Cordeiro*, 144 F. Supp. 2d 37, 38 (D. Mass. 2001) ("Under well-settled law, an individual who is not an attorney admitted to practice before this court is not authorized to submit pleadings . . . or in any other manner appear on behalf of another person or entity."); *see also* TEX. GOV'T CODE §§ 81.051(a) ("The state bar is composed of those persons licensed to practice law in this state"), 81.101(a) (defining "practice of law" as, among other actions, "preparation of a pleading or other document incident to an action . . . on behalf of a client before a judge in a court"); 81.102(a) (stating that, with exceptions not applicable in the case under review, "a person may not practice law in this state unless the person is a member of the state bar"); *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 33 (Tex. 2008) ("Those rules permit only individuals meeting specified qualifications to practice law."). "This rule exists to serve not only the interests of the represented party but also the interests of the adversaries and the court, because the entire judicial system benefits from the professional knowledge of practicing attorneys." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 211 (5th Cir. 2016) (quoting *Guest v. Hansen*, 603 F.3d 15, 19-21 (2d Cir. 2010)).

Second, the documents appear to be generated at least in part by artificial intelligence, and Bendy admits that Chat GPT was used in drafting the submissions. Under the Eastern District of Texas's Local Rules, "if a litigant chooses to employ technology, the litigant continues to be bound by the requirements of FED. R. CIV. P. 11 and must review and verify any computer-generated content to ensure that it complies with all such standards." E.D. TEX. R. CV-11(g); *see* CR-49. Here, Bendy does not contend that he verified the accuracy of any computer-generated content.

In addition, Bendy's Response in Opposition to Government's Motion in Limine ("Attachment A") is untimely under the court's Pretrial Order (#299). The Government's Motion in Limine (#356) was timely filed on October 27, 2025. As stated above, Bendy did not provide his response to the Motion in Limine until the morning of the Final Pretrial Conference, November 12, 2025, nearly two weeks after the October 30, 2025, due date. Bendy provides no legitimate reason for failing to adhere to the deadlines in the court's Pretrial Order.

In his Motion for Mistrial and/or Sanctions ("Attachment B"), Bendy contends that the Government has failed to comply with its discovery obligations. Again, under the court's Pretrial Order, all pretrial motions were due by October 27, 2025. Accordingly, Bendy's motion is untimely. Further, the court has previously denied Bendy's requests for a continuance, wherein he asserted he required additional time to review the discovery in this case (#395). In its response (#371) to Bendy's prior motion for a continuance, the Government noted that "multiple discovery exchanges have occurred between the government, Defendant's first counsel, Defendant's second counsel, and Defendant himself." The Government also confirmed that it provided discovery to Bendy's standby counsel and has sent agents to the facility where Bendy is detained for him to review additional sensitive documents and files. The Government further averred that:

> Throughout this prosecution the government has provided Defendant, through previous counsels, standby counsel, and directly to Defendant, notice of sensitive documents and files that were not disclosed in the discovery exchanges. Within those notices the government emphasized its willingness to meet with and show those items to Defendant or his counsel. On October 23, 2025, the government received a hand-written letter from Defendant requesting such a meeting. The next day, October 24, 2025, the case agent travel[]ed to the facility where Defendant is currently housed to show those items to Defendant.

During the Final Pretrial Conference, the Government affirmed that it has provided Bendy with all required discovery. Accordingly, the court concludes that the Government has complied with, and will continue to comply with, its discovery obligations in this case.

Finally, Bendy's Motion for Return of Property ("Attachment C") is premature at this time. Bendy requests the return of personal property seized and held by the Federal Bureau of Investigation, namely a 2017 Ford Fusion Hybrid, an iPhone 14 Pro Max, and an iPhone 15. "[T]he general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Schanzle v. Haberman*, 831 F. App'x 103, 108 (5th Cir. 2020) (quoting *Cooper v. City of Greenwood*, 904 F.2d 302, 304 (5th Cir. 1990)). Here, the criminal proceedings against Bendy have not concluded. Accordingly, Bendy's request is premature and is not actionable at this stage of the proceedings.

In accordance with the foregoing, the court will not accept for filing the three documents that Bendy presented to the court on November 12, 2025. To the extent that Bendy raised the motions at the Final Pretrial Conference, they are denied.

SIGNED at Beaumont, Texas, this 13th day of November, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE