| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:24-CR-109 (2)
§
DARRELL JOSHUA BENDY §

## MEMORANDUM AND ORDER

On November 14, 2025, during the third day of trial, Defendant Darrell Joshua Bendy ("Bendy") objected to the admission of several of the Government's exhibits consisting of intercepted phone calls from three "target" telephone numbers.[1] Bendy stated that he objected to the exhibits based on the Fourth Amendment, the Sixth Amendment, and hearsay. The Government responded that the necessary foundation to admit the exhibits had been established. The court overruled Bendy's objections and admitted the exhibits during the trial for the reasons stated on the record, as well as for the reasons discussed below.

At the outset, "Rule 12(c) of the Federal Rules of Criminal Procedure authorizes a district court to set a deadline for the filing of pretrial motions, including motions to suppress evidence." *United States v. Bourrage*, 138 F.4th 327, 340 (5th Cir. 2025) (quoting *United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011)). "Filing a motion to suppress after the deadline set for pretrial motions renders the motion 'untimely,' though the court may consider the motion 'if the party shows good cause.'" *Id*. (quoting *United States v. Dennis*, 41 F.4th 732, 739 (5th Cir. 2022)). The court's pretrial order (#299) specified that the deadline to file motions to suppress in this case was September 12, 2025. Subsequently, United States Magistrate Judge Christine Stetson twice

---

[1] The relevant exhibits include Government's exhibit numbers: 57, 59, 61, 63, 65, 67, 69, 71, 73, 75, 77, 79, 81, 83, 85, 99, 101, 103, 105, 107, 110, 112, 114, 116, 123, 125, 127, 129, 131, 135, 137, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 172, 174, 176, 178, 180, 191 ,195, and 197.

extended the deadline to file a motion to suppress, first to October 9, 2025, and again to October 23, 2025 (#349). Bendy raised these objections on November 14, 2025, during a jury trial, twenty-two days after the last extended deadline.[2] The court notes that Bendy's objections might properly be construed as a motion to suppress evidence because he seeks to suppress recordings allegedly made in violation of his constitutional rights. *See Gannett Co. v. DePasquale*, 443 U.S. 368, 435 (1979) ("A motion to suppress typically involves . . . allegations of misconduct by police and prosecution that raise constitutional issues."); *see also Bourrage*, 138 F.4th at 338 (noting that Title III of the Omnibus Crime and Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510-21, allows "[a]ny aggrieved person in any trial, hearing, or proceeding" to "move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that . . . (i) the communication was unlawfully intercepted; [or] (ii) the order of authorization or approval under which it was intercepted is insufficient on its face." (quoting 18 U.S.C. § 2518(10)(a))). To the extent that Bendy's objections allege constitutional violations and seek to suppress evidence, they are untimely and he has failed to show good cause for his failure to raise his objections before the deadline ordered by the court. *See Bourrage*, 138 F.4th at 341 (upholding district court's denial of motion to suppress as untimely when filed two days after the court's deadline).

Furthermore, to preserve an evidentiary error for review, the movant must state "the specific ground of objection, if the specific ground was not apparent from the context." FED. R.

---

[2] Bendy filed multiple motions to suppress in this matter (#311, 313, 353, and 363), which were referred to Judge Stetson for consideration and recommended disposition. Judge Stetson entered a Report and Recommendation that the motions be denied (#394), which was adopted by the undersigned (#406). Bendy's motions related to two traffic stops and did not address the intercepted phone calls, which were disclosed by the Government well before trial.

EVID. 103(a)(1). Bendy failed to articulate the specific bases for his objections to the admission of the intercepted phone calls other than general claims that they violate his right to privacy and to confrontation.

Title III generally prohibits law enforcement agents from intercepting wire, oral, and electronic communications without consent and provides a procedure through which law enforcement officials can be authorized to intercept such communications in certain limited circumstances. *See United States v. Herrera Romero*, 832 F. App'x 868, 872 (5th Cir. 2020). Here, there is no indication or contention that the Government did not comply with Title III and the Fourth Amendment when intercepting the phone calls. Furthermore, prior to moving to admit the exhibits, the Government presented witness testimony to establish the authenticity of the intercepted calls, including testimony of a telecommunication specialist with the Drug Enforcement Administration, custodians of records for Verizon, AT&T, and T-Mobile, and the executive vice president of JSI, which provides the software and hardware for wire intercepts. *See United States v. Johnson*, 943 F.3d 214, 220 (5th Cir. 2019) ("Generally, '[t]o establish authenticity [of intercepted telephone recordings], the Government must demonstrate: 1) the operator's competency, 2) the fidelity of the recording equipment, 3) the absence of material alterations, and 4) the identification of relevant sounds or voices.'" (quoting *United States v. Green*, 324 F.3d 375, 379 (5th Cir. 2003))).

Regarding Bendy's objection based on his Sixth Amendment right to confrontation, the United States Supreme Court has clarified that only out-of-court statements by witnesses that are testimonial are barred. *Crawford v. Washington*, 541 U.S. 36, 59 (2004); *United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008). "Statements made between co-conspirators in furtherance

of a conspiracy are not testimonial." *United States v. Olguin*, 643 F.3d 384, 392 (5th Cir. 2011) (quoting *King*, 541 F.3d at 1145-46); *see United States v. Holmes*, 406 F.3d 337, 348 & n. 16 (5th Cir.2005) ("Statements made by a co-conspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination."). Here, the Government contends that the intercepted phone calls involve targeted phone numbers associated with individuals who are members of the charged conspiracy to distribute and to possess with the intent to distribute "actual" methamphetamine. Accordingly, to the extent that the calls involve statements of co-conspirators in furtherance of the conspiracy, they are non-testimonial and are not barred under *Crawford*.

Moreover, under Federal Rule of Evidence 801, admissions by a party-opponent and statements by a co-conspirator of a party during the course and in furtherance of the conspiracy, are not hearsay. FED. R. EVID. 801(d)(2); *see King*, 93 F.4th at 851, 852; *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017). Thus, Bendy's objection based on "hearsay" is misplaced.

Accordingly, Bendy's objections to the admission of the intercepted phone calls were properly overruled.

SIGNED at Beaumont, Texas, this 17th day of November, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE