| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109 (2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Darrell Joshua Bendy's ("Bendy") Objections (#384) to the Government's Proposed Final Jury Instructions (#358), wherein he states a "general objection," as well as "specific instructions." The Government filed a reply in opposition (#421). Having considered the proposed instructions, Bendy's objections, the Government's reply, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the objections should be overruled.

I.  General Objection

Bendy generally objects to the entirety of the proposed jury instructions to the extent that they "misstate, omit, or dilute the constitutional and evidentiary protections guaranteed by the Fifth and Sixth Amendments." Bendy states that the proposed jury instructions would "unfairly prejudice the defense, lower the government's burden of proof, and confuse the jury as to essential elements of the charged offenses." The Government opposes Bendy's general objection, noting that he fails to articulate the specific language that he opposes. Moreover, the Government's proposed instructions track the language of the Fifth Circuit's Criminal Pattern Jury Instructions, which are designed to prevent the prejudice and confusion claimed by Bendy. Therefore, to the extent that Bendy fails to state a specific objection to the pattern language approved by the Fifth Circuit, the court overrules his objection.

II.     Specific Objections

    A.    Presumption of Innocence and Burden of Proof (1.05)

Bendy's objection:    Bendy objects to any deviation from the Fifth Circuit Pattern Jury Instruction § 1.05. The government's proposed language omits emphasis that the presumption of innocence alone is sufficient to acquit unless the prosecution meets its burden.

Requested Revision:    The presumption of innocence alone is sufficient to acquit the defendant unless the government proves beyond a reasonable doubt every essential element of the offense charged.

As observed by the Government, the proposed language does not deviate from the Fifth Circuit's Pattern Jury Instruction 1.05. Both state:

> The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.
>
> The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.
>
> A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

Hence it is Bendy who deviates from the Fifth Circuit Pattern Jury Instruction 1.05 by adding language that is not included in Instruction 1.05. Accordingly, the court finds that the

proposed language adequately addresses the presumption of innocence of Bendy. The objection is overruled.

      B.      "On or About" Instruction (1.19)

Bendy's objection:    The "on or about" instruction as proposed improperly expands the indictment's time frame and allows conviction for acts not charged.

Requested Revision:    Require proof that the offense occurred within the period alleged in the indictment and reasonably related thereto, not merely "reasonably near."

Here, the Indictment charges Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, from in or about December 2022 and continuing thereafter up to and including November 6, 2024, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841, on or about April 20, 2024. The proposed and pattern jury instructions do not expand the Indictment's time frame. "The prosecution is not required to prove the exact date alleged in the indictment; it suffices if a date reasonably near is established." *United States v. Mata*, 491 F.3d 237, 243 (5th Cir. 2007) (quoting *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006)); *see also United States v. Knowlton*, 993 F.3d 354, 359 (5th Cir. 2021); *United States v. Girod*, 646 F.3d 304, 316-17 (5th Cir. 2011). The proposed and pattern instructions requires that the Government "prove beyond a reasonable doubt that the defendant committed the crime on a date reasonably near" the dates stated in the Indictment. Moreover, "a defendant who has joined a conspiracy continues to violate the law 'through every moment of [the conspiracy's] existence,'. . . and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot." *Smith v. United States*, 568

U.S. 106, 111 (2013). "A conspirator is liable for 'all acts committed by [co-conspirators] in furtherance of the conspiracy, including those acts committed without his knowledge before he joined the conspiracy.'" *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014) (quoting *United States v. Marionneaux*, 514 F.2d 1244, 1250 (5th Cir.1975), *abrogated on other grounds by United States v. Lane*, 474 U.S. 438 (1986)). Thus, Bendy's objection is overruled.

    C.    <u>Venue Instructions (1.20, 1.20A)</u>

| | |
|---|---|
| Bendy's objection: | Defendant objects to the "preponderance of evidence" standard for venue. Venue is a constitutional safeguard under Article III, §2, and the Sixth Amendment, and must be proven beyond a reasonable doubt when contested. |
| Requested Revision: | "Venue must be established beyond a reasonable doubt that the alleged offense occurred within the Eastern District of Texas." |

The requested revision is not in line with controlling precedent on this issue which requires the use of a preponderance of the evidence standard with respect to establishing venue. "[T]he prosecution's burden of proof in establishing venue differs from the burden of proving other elements. The prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt." *United States v. Strain*, 396 F.3d 689, 692 n.3 (5th Cir. 2005) (citing *United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984)); *see also United States v. McGuire*, 151 F.4th 307, 345 (5th Cir. 2025); *United States v. Lee*, 966 F.3d 310, 320 (5th Cir. 2020); *United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009). Therefore, Bendy's objection is overruled.

    D.    <u>Conspiracy Instruction (2.97)</u>

| | |
|---|---|
| Bendy's objection: | The government's instruction misstates the law by omitting the possibility of multiple conspiracies and by failing to require a specific unlawful agreement and an overt act. |

>   Requested Addition:   "Evidence of multiple conspiracies requires acquittal unless the government proves beyond a reasonable doubt that Defendant knowingly and willfully joined the single conspiracy charged."
>
>   "Mere association, presence, or knowledge of others' criminal conduct does not establish conspiracy."

As the Government notes, Bendy previously filed a motion to dismiss the Indictment, wherein he alleged that the Government has alleged one conspiracy when there are in fact multiple, unrelated conspiracies (#362). The court rejected this assertion and held that the Indictment properly alleges a conspiracy involving Bendy and other co-defendants who participated in a series of acts or transactions (drug trafficking) constituting a violation of the conspiracy statute. (#s 381, 405).

Now, Bendy appears to be requesting an instruction on multiple conspiracies. Count One of the Indictment charges Bendy with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine. Bendy fails to articulate his basis for requesting an instruction on multiple conspiracies or to specify what separate conspiracy, apart from the overall conspiracy, he alleges existed. The evidence at trial focused on Bendy's role as a supplier of multi-kilogram quantities of "actual" methamphetamine which were further distributed by co-conspirators.

The court finds that the evidence presented at trial does not warrant an instruction on multiple conspiracies. *See, e.g.*, *United States v. Lozano*, 640 F. App'x 326, 327 (5th Cir. 2016) (holding that multiple conspiracy instruction was not required where there was no evidence of either the existence of an additional conspiracy separate and distinct from that charged in the indictment or that the defendant was only involved in separate conspiracies unrelated to the overall

conspiracy charged in the indictment); *United States v. Neal*, 27 F.3d 1035, 1053 (5th Cir. 1994) (holding that an instruction on multiple conspiracies was not warranted based on information presented at trial); *see also United States v. Shah*, 95 F.4th 328, 361 (5th Cir. 2024) (holding that the primary factors the Fifth Circuit requires to be used in determining whether a single conspiracy or multiple conspiracies are: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings"), *cert. denied sub nom. Rimlawi v. United States*, 145 S. Ct. 518 (2025).

As to Bendy's requested addition of "[m]ere association, presence, or knowledge of others' criminal conduct does not establish conspiracy," the proposed and pattern language more thoroughly addresses this issue:

> Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

For these reasons, Bendy's objection is overruled.

E.     <u>Possession Instruction (1.33)</u>

| | |
|---|---|
| Bendy's objection: | The proposed instruction conflates "possession" and "control," permitting conviction based on mere proximity or association. |
| Requested Clarification: | "Mere proximity to a controlled substance, or association with a person who possesses it, without proof of dominion or control, is insufficient to establish possession." |

The Government's proposed and the pattern instruction is more comprehensive than Bendy's proposed language. Specifically, the proposed and pattern instruction provides that:

>"Possession," as that term is used in these instructions, may be one of two kinds: actual possession or constructive possession.
>
>A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.
>
>Mere touching or physical contact alone is insufficient by itself to establish possession.
>
>A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.
>
>Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.
>
>You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

Accordingly, the court will rely on the pattern language. Bendy's objection is overruled.

F.   Aiding and Abetting Instruction (2.04)

Bendy's Objection:   The proposed instruction omits the requirement that the principal offense must be established beyond a reasonable doubt before any aider and abettor liability attaches.

Requested Revision:   "A defendant cannot be convicted as an aider or abettor unless the government first proves beyond a reasonable doubt that another person committed the underlying offense."

The Government's proposed and the pattern instruction on Aiding and Abetting require the jury to "find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law." Accordingly, Bendy's objection mistakenly states that the proposed instruction omits this requirement. The court will rely on the

7

pattern language which is broader and better states the law than Bendy's requested revision. Bendy's objection is overruled.

### G. Similar Acts and 404(b) Evidence (1.32)

| | |
|---|---|
| Bendy's objection: | Defendant objects to inclusion of "similar acts" instructions that may improperly permit the jury to infer criminal propensity. The instruction must make clear that prior acts cannot be used to prove character or conformity therewith. |
| Requested Revision: | "Evidence of other acts may not be considered to show the defendant's character or that he acted in conformity with that character. |

During the trial, the court admitted evidence under Federal Rule of Evidence 404(b) of Bendy's prior conviction of the offense of Possession of a Firearm by a Prohibited Person and gave a limiting instruction. The proposed and pattern instruction make clear that this evidence may not be considered in deciding if Bendy committed the acts charged in the Indictment, but only for specific, permissible purposes. *See* FED. R. EVID. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."). Accordingly, Bendy's objection is overruled.

### H. Identification Instruction (1.31)

| | |
|---|---|
| Bendy's objection: | Defendant objects to the omission of cautionary language concerning potential misidentification and witness credibility in controlled buys and surveillance. |
| Requested Addition: | "Where identification is a key issue, you must examine the witness's opportunity to observe, prior familiarity, and the reliability of any law enforcement procedures used." |

The Government's proposed and the pattern instruction adequately address Bendy's concerns without focusing on only limited aspects of the identification inquiry. Instruction 1.33 provides, in part:

> In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.
>
> You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

Therefore, the court will utilize the pattern language approved by the Fifth Circuit. Bendy's objection is overruled.

III.   Conclusion

In accordance with the foregoing, Bendy's Objections (#384) to the Government's Proposed Final Jury Instructions are overruled.

SIGNED at Beaumont, Texas, this 18th day of November, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE