| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | §    CASE NO. 1:24-CR-109(2) |
| | § |
| DARRELL JOSHUA BENDY | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* "Response to the Suppression Hearing Magistrate Judge Report and Recommendation" (#435), wherein he requests the court to "further review" his contentions that the evidence acquired through the August 14, 2023, and April 20, 2024, traffic stops should be suppressed.

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841.

Prior to trial, Bendy filed four motions to suppress related to two traffic stops that occurred on August 14, 2023, and April 20, 2024 (#s 311, 313, 353, 363). The Government filed responses in opposition (#s 339, 375). On October 1, 2025, and October 31, 2025, United States Magistrate Judge Christine L. Stetson heard testimony and oral argument concerning these motions. She subsequently entered a Report and Recommendation concluding that Bendy lacked standing to contest the stop on August 14, 2023, and that the search and seizure on April 20, 2024, was lawful (#394). Therefore, she recommended denying the Defendant's motions. Bendy

objected to Judge Stetson's findings, arguing that she misapplied the law regarding standing, failed to recognize the limits of third-party consent, overlooked the unlawful extension of the traffic stop, and improperly relied on the automobile exception (#401).  On November 10, 2025, the court conducted a de novo review of the objections in relation to the parties' filings and the applicable law, and after careful consideration, adopted the Report and Recommendation, finding that the objections were without merit and that Judge Stetson correctly concluded that Bendy lacked standing as to the August 14, 2023, traffic stop, and that the April 20, 2024, search and seizure was lawful (#406).  The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight.

In his present motion, Bendy seeks reconsideration of the court's conclusion that he lacked standing as to the August 14, 2023, stop, and that the April 20, 2024, search and seizure was lawful (#435).  A district court has discretion to reconsider its denial of a motion to suppress. *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *United States v. Lopez*, No. 2:20-CR-115-Z, 2021 WL 2267455, at *2 (N.D. Tex. June 3, 2021).  A motion for reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *see Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) ("Manifest error is one that is plain and indisputable, and that amounts to a complete disregard of the controlling law." (citation omitted)); *see Lopez*, 2021 WL 2267455, at *2 ("A motion for reconsideration can be made on only three grounds:  (1) an intervening change in controlling law that has occurred since the Court's earlier ruling; (2) evidence not previously available has become available; or (3) reconsideration is necessary to correct a clear error of law or fact or prevent a

manifest injustice."). "It is well settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made earlier or to re-urge matters that have already been advanced by a party." *United States v. Banks*, No. 1:08–CR–113, 2009 WL 585506, at *1 (E.D. Tex. Mar. 6, 2009) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)); *see also United States v. Harrelson*, 705 F.2d 733, 738 (5th Cir. 1983) ("Failure to move pre-trial for suppression, or to assert a particular ground in the suppression motion, operates as a waiver unless the district court grants relief for good cause shown."). In the context of a suppression hearing, "[a] motion for reconsideration is not 'the proper vehicle for rehashing old arguments or advancing legal theories that could have been presented earlier.'" *Banks*, 2009 WL 585506, at *1 (quoting *Resol. Tr. Corp. v. Holmes,* 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)); *see United States v. Hassan,* 83 F.3d 693, 696 (5th Cir. 1996) (finding that the district court did not abuse its discretion in denying the government's motion to reopen suppression hearing to permit the presentation of evidence not previously raised).

Bendy's motion does not identify any intervening change in the applicable law or produce any new evidence that was previously unavailable to support reconsideration of his pre-trial motions to suppress. Moreover, Bendy does not articulate, and the court does not find, any manifest errors of law or fact in its prior ruling. Rather, Bendy advances arguments already briefed, considered, and decided. *See United States v. Olis*, No. H-07-3295, 2008 WL 5046342, at *31 (S.D. Tex. Nov. 21, 2008) ("The high burden imposed on parties seeking reconsideration has been established to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing

party examining a decision and then plugging the gaps of the lost motion with additional matters.").

With respect to the August 14, 2023, traffic stop, Bendy again argues that he has standing. In support, Bendy notes that: (1) he "was on the insurance"; (2) he had a check in the vehicle for $4,000; and (3) he and Shelby Andrews were "common law married," without supplying any corroborating evidence. None of these points constitutes an intervening change in the law or newly discovered evidence. These assertions all relate to information that Bendy would have known at the time of the stop, long before the deadline for filing a motion to suppress in this case.[1]

As for the April 20, 2024, traffic stop, Bendy contends that the driver, Jonathan Austin, did not consent to the K-9 search and that he was subject to coercion or duress. Bendy also asserts that the stop was premeditated based on information gathered through court-authorized wire taps. The court previously considered these contentions and found that Austin's consent was voluntary and that the search was lawful. Moreover, to the extent that Bendy attempts to raise new legal theories, the time for asserting the same has lapsed and the contention is waived. *See Harrelson*, 705 F.2d at 738 ("Failure to . . . assert a particular ground in the suppression motion[] operates as a waiver unless the district court grants relief for good cause shown.").

Thus, Bendy's motion does not present any grounds for the court to reconsider its denial of his prior motions to suppress. In accordance with the foregoing, Bendy's *pro se* "Response to the Suppression Hearing Magistrate Judge Report and Recommendation" (#435) is DENIED.

---

[1] Further, none of Bendy's contentions appear to support his assertion that he had an ownership interest and/or reasonable expectation of privacy in the vehicle. Moreover, the officer testified during the October 31, 2025, detention hearing that the vehicle was not, in fact, searched (#396). Bendy does not refute this contention. In any event, as noted in the Report and Recommendation, Andrews ultimately gave her consent to the officer to search the vehicle.

SIGNED at Beaumont, Texas, this 16th day of December, 2025.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE