| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion for Trial Transcripts at Government Expense and to Expedite Preparation (#483). The Government filed a response in opposition (#464). Having considered the motion, the Government's response, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted in part.

I.    Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight. A sentencing hearing has yet to be set in this matter.

In the instant motion, Bendy claims to need a complete transcript of his trial in order to prepare post-trial motions as well as an appeal. Specifically, Bendy contends: "The issues Defendant intends to raise are not speculative or frivolous. They concern what occurred in front

of the jury, what objections were made and denied, what evidence was admitted, and how the jury

was instructed."

II.    Analysis

The United States Court of Appeals for the Fifth Circuit has held that "[a]n indigent

defendant has both a constitutional and a statutory right to a free transcript of prior proceedings

if it is reasonably necessary to present an effective defense at a subsequent proceeding." *United

States v. Pulido*, 879 F.2d 1255, 1256 (5th Cir. 1989); *accord Fisher v. Hargett*, 997 F.2d 1095,

1098 (5th Cir. 1993). The Supreme Court of the United States has "identified two factors that are

relevant to the determination of need: (1) the value of the transcript to the defendant in connection

with the appeal or trial for which it is sought, and (2) the availability of alternative devices that

would fulfill the same functions as a transcript." *Britt v. North Carolina*, 404 U.S. 226, 227

(1971). In *Britt*, the Court refused to require a defendant to show a particularized need for the

transcript of a prior proceeding that resulted in a mistrial, because "'there would be serious doubts

about the decision below if it rested on petitioner's failure to specify how the transcript might have

been useful to him. Our cases have consistently recognized the value to a defendant of a transcript

of prior proceedings, without requiring a showing of need tailored to the facts of the particular

case.'" *Pulido*, 879 F.2d at 1256 (quoting *Britt*, 404 U.S. at 228).

In addition, under 28 U.S.C. § 753(f):

Fees for transcripts furnished in criminal proceedings to persons proceeding under
the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to
persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the
United States out of moneys appropriated for those purposes. Fees for transcripts
furnished in proceedings brought under section 2255 of this title to persons
permitted to sue or appeal in forma pauperis shall be paid by the United States out
of money appropriated for that purpose if the trial judge or a circuit judge certifies
that the suit or appeal is not frivolous and that the transcript is needed to decide the

2

issue presented by the suit or appeal.  Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

Here, prior to electing to proceed *pro se*, the court determined that Bendy was indigent and qualified for counsel appointed under the Criminal Justice Act.  As a result, Bendy should receive a copy of the trial transcript at government expressed consistent with 28 U.S.C. § 753(f).  All transcripts produced in this case are subject to Local Rule CR-49.1(b), and Bendy shall receive transcripts with redactions, if any, after the time period for submitting redactions has passed. Bendy, however has no entitlement to expedited relief and the court finds the same is not warranted.

The Government cites to *Cowan v. United States* and *Smith v. United States* in support of its position that Bendy is not entitled to free transcripts of the trial proceedings.  Unlike the federal prisoners in those cases, however, Bendy is not seeking transcripts to "use in a future collateral attack on his conviction."  *Cowan v. United States* 445 F.2d 855, 855 (5th Cir. 1971) (holding that "a federal prisoner is not entitled to obtain copies of court records at government expense to search for possible defects, merely because of his status as an indigent"); *accord Smith v. United States*, 421 F.2d 1300, 1301 (6th Cir. 1970) (considering whether federal inmate was entitled to a copy of all records to aid in his preparation of a writ of habeas corpus pursuant to 28 U.S.C. § 2255). The court agrees that in proceedings brought under § 2255, in order for a petitioner to obtain transcripts at the expense of the United States, "the trial judge or a circuit judge [must] certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."  28 U.S.C. § 753(f).  No such requirement is imposed under § 753(f) for

3

"criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A)." 28 U.S.C. § 753(f).

The Government also contends that Bendy's request is premature as he has not yet been sentenced and no appeal has commenced. Bendy, however, states that he requires the transcripts to prepare "post-trial motions," in addition to a possible appeal, specifically mentioning "Rule 33." In addition, the court recognizes that Bendy may have issues to raise pertaining to his sentencing in this matter. Thus, apart from a potential appeal, the trial transcripts may assist Bendy with his defense at this stage of the proceedings.

Accordingly, Bendy's motion is granted in part. The transcripts of the trial proceedings from November 12, 2025, to November 19, 2025, shall be transcribed with fees paid by the United States out of money appropriated for those purposes. Consistent with Local Rule CR-49.1(b), the transcripts shall be subject to the redaction of personal identifiers as requested by attorneys appearing in the case and any motion for additional redactions as deemed appropriate by the court. Transcripts are not to be produced to Bendy until the time period for requesting redactions has passed, and his copy shall include those redactions, if any.

SIGNED at Beaumont, Texas, this 17th day of April, 2026.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE