| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court are Defendant Darrell Joshua Bendy's ("Bendy") *pro se* motions for return of property (#s 513, 514). The Government filed a response (#542). Having considered the motions, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I.    Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight. A sentencing hearing has yet to be set in this matter.

II.    Analysis

Bendy seeks the return of a "2017 Ford Fusion" and "two iPhones." The Federal Rules of Criminal Procedure provide that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM.

P. 41(g).   When "a motion for return of property is made while a criminal prosecution is pending"—as it is here—"the burden is on the movant to show that he . . . is entitled to the property."   *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)).   "A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion." *Id.* (citing *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007)).   "If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."   FED. R. CRIM. P. 41(g).

A.      2017 Ford Fusion

The Government contends that the Bendy is not entitled to possession of the 2017 Ford Fusion because he has no ownership interest in the vehicle.   During the October 31, 2025, suppression hearing before United States Magistrate Judge Christine Stetson, it was established that the 2017 Ford Fusion's registration listed Shelby Andrews as the sole owner.[1]   Bendy does not provide any evidence to support his argument that he has an ownership interest in the vehicle. Thus, Bendy has failed to meet his burden to show that he is entitled to lawful possession of the vehicle.   *See Oduu*, 564 F. App'x at 130; *see also Serrano v. Customs & Border Patrol*, 975 F.3d 488, 499 (5th Cir. 2020) (specifying that it is "the property owner" who "may file a motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property"); *Lin v. United States*,

---

[1] The Government attached a copy of the vehicle's registration to its response to Bendy's motion to suppress (#375-1).   During the hearing on the motion to suppress, Officer Jeffrey Busby testified that the vehicle was registered to Shelby Andrews.   Following the hearing, Judge Stetson issued a Report and Recommendation concluding that Bendy did not have standing to raise a Fourth Amendment challenge as to the search of the vehicle, in part because the vehicle was registered to Shelby Andrews (#394).   The undersigned adopted the Report and Recommendation (#406).

No. 4:22-CV-55-SDJ, 2026 WL 819602, at *2 (E.D. Tex. Mar. 25, 2026) (holding that "[t]o prevail on a Rule 41(g) motion, the moving party must demonstrate that: '(1) [the party] is entitled to lawful possession of the seized property'" among other elements (quoting *United States v. Pinto-Thomaz*, 352 F.Supp.3d 287, 311 (S.D.N.Y. 2018))).

Moreover, the Government contends that "it is believed that the gold Ford Fusion was never transferred to the possession of the federal government and that state actors retained possession and possibly have sought or are seeking forfeiture of the same." Bendy provides no argument or evidence to rebut this statement. Accordingly, the court cannot find that the Government actually possesses the vehicle. Therefore, Bendy's motion under Rule 41(g) as to the 2017 Ford Fusion is denied.

B.      iPhones

The Government has no objection to the return of Bendy's cellular telephones so long as an appropriate individual is designated to take possession of any such devices on behalf of Bendy. Thus, the court grants Bendy's request as to his iPhones which are currently in the possession of the Government. The court designates Bendy's stand-by counsel, Langston Adams, to take possession of the iPhones on behalf of Bendy.

III.    Conclusion

In accordance with the foregoing, Bendy's *pro se* motions for return of property (#s 513, 514) are GRANTED IN PART AND DENIED IN PART. Bendy's request for the return of the 2017 Ford Fusion is DENIED. Bendy's request for the return of the two iPhones that are in the possession of the Government is GRANTED. The court designates Langston Adams to take possession of the iPhones on Bendy's behalf.

SIGNED at Beaumont, Texas, this 14th day of May, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE