| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motions for Reconsideration of Order Denying Motion to Supplement the Record (#s 535, 537).  Having considered the motions, the record, and the applicable law, the court is of the opinion that the motions should be denied.

I.      Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants.  The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841.  The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight.  A sentencing hearing has yet to be set in this matter.

II.     Analysis

On March 20, 2026, Bendy filed a Motion to Supplement the Record (#481)to purportedly "ensure that the appellate and post-trial record contains all materials necessary for meaningful review."  The court denied the motion (#508).  On May 1, 2026, Bendy filed the pending motions

to reconsider (#s 535, 537).  That same day, Bendy also filed a Notice of Appeal of the court's "order denying motion to supplement the record" as well as "all adverse rulings, orders and judgments entered in this case" and "any final judgment entered in this matter" (#539).[1]

In his first motion for reconsideration (#535), Bendy contends that the court "misapplied Federal Rule of Appellate Procedure 10(e), which allows correction of the record where material is omitted."  Bendy further asserts that he "sought only to ensure the record accurately reflects what occurred during proceeding."  He identifies the following items he wishes to add to the record:

1. More than 20 redactions from my discovery
2. Minimization logs from wire tap
3. All pole camera footage from in front of Bendy['s] house from April 19, 2024
4. All warrants and probable cause affidavits

He also includes a list of "ID#s + Dates of part of redacted evidence never seen or obtained."

Bendy's second motion for reconsideration (#537) states that he "did not seek to create a new record, but to ensure inclusion of:  missing transcripts of proceeding, and rulings[,] exhibits[,] and evidence relied upon at trial[,] recorded communications and investigative materials."

In addition, Bendy contends that his motion is timely because "rule 10(e) explicitly authorizes the district court to correct the record, correction is appropriate before appeal is finalized thus, Defendant's motion was timely and brought before this court."

---

[1] Notwithstanding Bendy's Notice of Appeal (#539), the district court has the discretion to defer or deny the motions, state that it would grant the motions if the court of appeals remands, or indicate that the motions present a substantial issue.  FED. R. CRIM. P. 37.

Bendy further avers that his original motion to supplement the record "identified categories of missing materials, including: evidence admitted at trial but not fully documented transcripts and rulings and objections investigative material used by the Government." Finally, Bendy raises "additional constitutional concerns," noting that "evidence admitted in evidence raises serious legal concerns, including lack of proper authorization for intercepted communications[,] failure to comply with minimization requirement[,] admission of evidence without proper supervisory approval."

Bendy's motions for reconsideration do not present any new bases for relief or assert any novel legal arguments. As the court's prior Memorandum and Order (#508) notes, Federal Rule of Appellate Procedure 10(a) specifies that the record on appeal consists of:

(1) the original papers and exhibits filed in the district court;

(2) the transcript of proceedings, if any; and

(3) a certified copy of the docket entries prepared by the district clerk.

FED. R. APP. P. 10(a).

Bendy fails to identify specifically any material omission or misstatement in the record. He does not assert that the "20 redactions from my discovery," "Minimization logs from wire tap," "pole camera footage from in front of Bendy['s] house from April 19, 2024," or "warrants and probable cause affidavits" constitute either original papers or exhibits that were filed in the district court. *See* FED. R. APP. P. 10(a)(1). At this time, as was true when the court entered its prior order (#508), no transcript of the trial proceedings has been created and no appellate record has been compiled or forwarded to the court of appeals. *See* FED. R. APP. P. 10(a)(2), (3). Accordingly, the court will not reconsider its prior ruling.

III.    Conclusion

Bendy's *pro se* Motions for Reconsideration of Order Denying Motion to Supplement the

Record (#s 535, 537) are DENIED.

SIGNED at Beaumont, Texas, this 14th day of May, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE