| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion to Preserve Evidence (#534) and Motion to Compel Disclosure and Preserve Evidence (#536). The Government filed a response (#574). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I.    Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. Bendy was previously appointed counsel in this matter but, ultimately, he elected to represent himself. The case proceeded to a six-day jury trial, beginning on November 12, 2025. The jury found Bendy guilty of both Counts One and Eight. A sentencing hearing has yet to be set in this matter.

II.     Analysis

First, Bendy seeks the "preservation of all relevant materials," including "video evidence," "surveillance footage," "investigative reports," "wiretap materials and recordings," "minimization logs," "digital data and meta data" and "all redacted material." Bendy indicates that these "relevant materials" should be preserved for appellate purposes. In response, the Government avers that it has no objection to preserving "relevant" evidence to the extent it has custody and control of the same. Accordingly, Bendy's request that the Government preserve relevant evidence within its custody and control is granted as unopposed.

Second, Bendy requests that the court "compel disclosure of evidence." Bendy rehashes his prior assertion that he was not provided full access to all evidence prior to trial, citing to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *California v. Trombetta*, 467 U.S. 479 (1984), *Arizona v. Youngblood*, 488 U.S. 51 (1988). Bendy raised similar arguments in prior motions, including his Motion to Dismiss the Indictment (#446) and Motion for New Trial (#447), which the court denied (#507). The Government continues to maintain that it complied with its disclosure obligations on multiple occasions in a timely manner prior to trial. Moreover, Bendy fails to identify any *Brady* or *Giglio* material that he believes was withheld. Accordingly, Bendy's request to compel disclosure is denied.

III.    Conclusion

In accordance with the foregoing, Bendy's *pro se* Motion to Preserve Evidence (#534) and Motion to Compel Disclosure and Preserve Evidence (#536) are GRANTED IN PART AND DENIED IN PART. The Government shall preserve all relevant evidence within its custody and control for appellate purposes. Bendy's request to compel discovery is denied.

SIGNED at Beaumont, Texas, this 29th day of May, 2026.

_____

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE