**UNITED STATES DISTRICT COURT**          **EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 1:24-CR-109(2) |
| | § |
| DARRELL JOSHUA BENDY | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Supplemental Motion for Return of Property Regarding Vehicle Pursuant to Federal Rule of Criminal Procedure 41(g) (#567).  The Government filed a response (#592).  Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.     Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants.  The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841.  The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight.  A sentencing hearing has yet to be set in this matter.

II.    Analysis

Bendy previously filed two post-verdict motions (#s 513, 514), wherein he requested the return of a "2017 Ford Fusion."[1]  The court denied Bendy's request for the return of the vehicle because there is no evidence that Bendy possesses an ownership interest in the vehicle, and moreover, the Government indicated that it did not have possession of the vehicle (#548).  In his pending motion (#567), Bendy again seeks return of the vehicle, claiming that he has a "possessory and equitable ownership interest there in."

In response, the Government explains that the vehicle is in the custody of the Beaumont Police Department—not the federal government.  The Government elaborates:

> On March 21, 2025, the District Court of Jefferson County, Texas, the 172nd Judicial District of Texas, issued a Default Judgment in action number 24DCCV2303 relating to a 2017 Ford Fusion, gold in color.  Within that action, the State of Texas alleged that it had seized the vehicle and requested forfeiture of the same.  The Judgment states that a notice of seizure and intention to forfeit was served on the interested party, Shelby Jean Andrews, on December 4, 2024.  The vehicle was determined to be contraband as defined in Chapter 59 of the Texas Code of Criminal Procedure, and the vehicle was forfeited to the Jefferson County Criminal District Attorney as agent of the State of Texas for disposition.

The Government further attaches a copy of the state court default judgment to its response.

The Federal Rules of Criminal Procedure provide that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  FED. R. CRIM. P. 41(g).  As the court stated in its prior order (#548), "[a] finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion."  *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (citing *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007)).  Here, the Government

---

[1] One of Bendy's prior motions, #513, also sought the return of "two Iphones."

has demonstrated that it does not have possession of the vehicle.  Therefore, Bendy's motion under Rule 41(g) as to the 2017 Ford Fusion must fail.

III.    <u>Conclusion</u>

In accordance with the foregoing analysis, Bendy's *pro se* Supplemental Motion for Return of Property Regarding Vehicle Pursuant to Federal Rule of Criminal Procedure 41(g) (#567) is DENIED.

SIGNED at Beaumont, Texas, this 11th day of June, 2026.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE