| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion to Recuse and Disqualify District Judge (#565), wherein he moves for the recusal and disqualification of the undersigned pursuant to 28 U.S.C. §§ 144 and 455. The Government filed a response (#591), and Bendy filed a reply (#605). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.     Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. Bendy was previously appointed counsel in this matter but, ultimately, he elected to represent himself. The case proceeded to a six-day jury trial, beginning on November 12, 2025. The jury found Bendy guilty of both Counts One and Eight. A sentencing hearing has yet to be set in this matter.

II.     Analysis

Bendy moves to disqualify the undersigned pursuant to 28 U.S.C. §§ 144 and 455, which lay out the recusal processes for instances when a judge harbors prejudice or bias for or against a party.  In support of his motion, which he signed under penalty of perjury, Bendy lists the following circumstances which he claims have "caused [him] to reasonably question the court's impartiality and ability to remain fair and neutral in continued proceedings":

1.      During the course of these proceedings, Defendant has experienced repeated procedural irregularities and conduct creating the appearance of partiality against the defense and in favor of the prosecution.

2.      Defendant, proceeding *pro se*, repeatedly attempted to litigate motions and present arguments to the court but was not afforded the same meaningful opportunity as the Government to present issues and be heard.

3.      The court made comments indicating Defendant should have had counsel rather than proceeding *pro se*, while simultaneously failing to reasonably accommodate Defendant's *pro se* status in navigating complex federal criminal procedures.

4.      Defendant experienced substantial difficulty obtaining timely access to discovery materials and evidence prior to trial.  Despite these concerns being raised, the court permitted the proceedings to continue and denied request[s] for relief, including mistrial-related request.

5.      The court repeatedly permitted the Government to argue and present evidence while defense objections and arguments were frequently denied without comparable consideration or hearing.

6.      Defendant filed post-trial motions, including a Rule 33 Motion for New Trial and motions challenging the Indictment and proceedings.  Defendant received the Government's opposition and the court's adverse ruling in the same mailing, creating the appearance that the court resolved the matter before Defendant had a meaningful opportunity to respond.

7.      Defendant further asserts that certain filings and arguments submitted during the proceedings were not fully considered or adequately addressed on the record, impairing Defendant's ability to obtain fair review of constitutional and procedural issues.

2

The Government responds that Bendy fails to show that recusal is warranted under either § 144 or § 455. In his reply, Bendy emphasizes that the court has denied many of his post-verdict motions, many times without waiting for a reply brief.

    A.    28 U.S.C. § 144

Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021). The statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"When a motion is filed under Section 144, the district court 'must pass on the legal sufficiency of the affidavit' without passing on the truth of the matter asserted." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012) (quoting *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1047 (5th Cir. 1975)); *accord Brocato*, 4 F.4th at 301 (quoting *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003)). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Brocato*, 4 F.4th at 301 (quoting *Patterson*, 335 F.3d at 484).

B.   28 U.S.C. § 455

Section 455(a) sweeps broader than § 144:  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  *Brocato*, 4 F.4th at 301 (quoting 28 U.S.C. § 455(a)).  Additionally, a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  When considering a motion under § 455(a), a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality."  *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *accord Brocato*, 4 F.4th at 302; *Patterson*, 335 F.3d 484.  The purpose of § 455 is to "avoid even the appearance of partiality."  *Patterson*, 335 F. 3d at 484 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).  The judge's possession of extrajudicial facts is also relevant.  *Tejero*, 955 F.3d at 463 (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)); *see* CHARLES A. WRIGHT ET AL., 13D FEDERAL PRACTICE AND PROCEDURE § 3542, Westlaw (database updated Apr. 2020).  A motion for disqualification should be brought at the earliest moment after the movant has knowledge of facts underlying the grounds for disqualification; however, a motion for disqualification is not necessarily time-barred if brought later.  *See Matter of Pendergraft*, 745 F. App'x 517, 520 (5th Cir. 2018) (citing *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994)).

C.    Bendy's Motion

1.    Procedural Irregularities

Bendy contends that unspecified "procedural irregularities and conduct creat[ed] the appearance of partiality against the defense and in favor of the prosecution." Bendy further avers that he was "not afforded the same meaningful opportunity as the Government to present issues and be heard." A review of the record reveals no irregularities or instances when Bendy was denied the same opportunities to participate in the proceedings as the Government. Bendy fails to identify any specific instances where he asserts that he was treated less favorably than the Government. Conclusory allegations do not support a legally cognizable basis for recusal. *See Platt v. Att'y Gen. of Penn.*, No. CV 2:20-1799, 2025 WL 3072927, at *2 (W.D. Pa. Nov. 4, 2025) ("[C]onclusory and unsubstantiated allegations of bias do not suffice to support a motion for recusal."); *Smith v. Hous. EEOC*, No. 4:20-CV-1664, 2020 WL 3542433, at *5 (S.D. Tex. June 30, 2020); *United States v. Brown*, No. CR 01-10012-01, 2020 WL 2616579, at *1 (W.D. La. May 22, 2020). Accordingly, this basis is insufficient to warrant recusal.

2.    The Court's Comments

Bendy avers that the court made comments indicating that he should have had counsel rather than proceeding *pro se*, while simultaneously failing to accommodate his *pro se* status. "[A] judge is not generally required to recuse for bias, even if the judge is 'exceedingly ill disposed towards the defendant,'" when such disposition was "'acquired in the course of the proceedings.'" *Brocato*, 4 F.4th at 302 (quoting *Liteky*, 510 U.S. at 550). Thus, under either § 144 or § 455, "adverse rulings or comments by a judge 'will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of

antagonism as to make fair judgment impossible.'" *Id*. (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)). "Even comments 'that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Dondero v. Jernigan*, No. 24-10287, 2025 WL 1122466, at *4 (5th Cir. Apr. 16, 2025) (quoting *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)), *cert. denied*, 223 L. Ed. 2d 508 (Jan. 12, 2026).

Here, Bendy does not specify when or in what context the court purportedly commented on his *pro se* status. Nor does he explain how the court allegedly failed to accommodate his *pro se* status. The court's instructions to the jury stated that Bendy elected to proceed *pro se* in this matter, but made clear that Bendy has a constitutional right to represent himself, that his decision had no bearing on whether he was guilty or not guilty, and that his election should not affect the jury's consideration of the case.

Furthermore, Bendy resides in the Houston, Texas, located approximately 85 miles from Beaumont, Texas, where the undersigned resides and presides. The court has no personal knowledge of Bendy, his family, his acquaintances, or his activities. Thus, the court could not possess an "actual personal bias" against Bendy. *See Brocato*, 4 F.4th at 301. Accordingly, recusal is not warranted as a result of any alleged judicial remarks as to Bendy's *pro se* status.

### 3.    Adverse Judicial Rulings

Bendy observes that the court denied his request for a continuance, "mistrial-related requests," as well as motions challenging the indictment and proceedings. Bendy also notes that the court "frequently denied" his objections and arguments. Additionally, Bendy asserts that the court did not adequately address certain filings and arguments submitted to the court.

"[N]ot all favorable or unfavorable opinions can be described as bias or partiality within the meaning of §§ 144 and 455(a)." *Brocato*, 4 F.4th at 302. "Rather, the concept of bias 'connote[s] a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree.'" *Id*. (quoting *Liteky*, 510 U.S. at 550). As stated above, under either § 144 or § 455, "adverse rulings . . . by a judge 'will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible." *Brocato*, 4 F.4th at 302 (quoting *Scroggins*, 485 F.3d at 830); *see Hagar v. Fed. Bureau of Investigation*, 170 F.4th 946, 954 (5th Cir. 2026) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." (quoting *Liteky*, 510 U.S. at 555)); *Prewitt v. McDaniel*, No. 25-60225, 2025 WL 3145878, at *2 (5th Cir. Nov. 11, 2025) ("Disagreement with a court's prior decisions is not a proper basis to seek recusal."), *petition for cert. docketed*, 2025 WL 3145878 (Apr. 27, 2026).

The court's orders constitute judicial rulings and do not reflect a personal bias stemming from an extrajudicial source. Nor do they demonstrate such a high degree of antagonism as to make fair judgment impossible. Nor has the court routinely ruled against Bendy. For instance, prior to trial, the court granted Bendy's motion for continuance (#300).[1] The court also sustained some of Bendy's objections during trial. Moreover, the court has recently granted in part certain motions filed by Bendy (#s 510, 548, 584). To the extent that Bendy contends he was not afforded

---

[1] Prior to Bendy's election to proceed *pro se*, this case was continued multiple times pursuant to motions filed by Bendy's counsel (#230) as well as the Government (#s 144, 189).

an opportunity to file a reply to the Government's responses to certain post-trial motions, "[t]he court need not wait for the reply or sur-reply before ruling on the motion." EDTX LOCAL RULE CR-47(b)(2). Bendy also fails to explain in what manner the court overlooked or did not consider any of his contentions. Hence, Bendy fails to establish any bias—judicial or otherwise. Thus, recusal is unwarranted.

### 5.    Accommodations for *Pro Se* Status

Bendy contends that the court failed to accommodate his pro se status. Rather, following Bendy's election to proceed *pro se*, United States Magistrate Judge Christine Stetson appointed David Griffin ("Griffin"), whose office is located in Spring, Texas, 104 miles from Beaumont, as standby counsel for Bendy (#288). At a pretrial hearing, the undersigned appointed Langston Adams ("Adams"), a local attorney, to replace Griffin as standby counsel for Bendy because he maintains his office closer to the courthouse and the LaSalle holding facility and would thus be better situated to facilitate Bendy's review of the discovery materials and to serve as stand-by counsel. Further, the court granted Bendy's Motion to Continue (#289) to allow Bendy additional time to prepare for trial.

Bendy does not describe any accommodations to which he was entitled yet was denied. As previously stated, conclusory allegations do not support a legally cognizable basis for recusal. *See Platt*, 2025 WL 3072927, at *2; *Smith*, 2020 WL 3542433, at *5; *Brown*, 2020 WL 2616579, at *1. Accordingly, this basis is insufficient to warrant recusal.

## III.    Conclusion

In sum, contrary to Bendy's assertions, the alleged facts and reasons for the purported bias, as stated in his motion would not convince a reasonable person that the court is biased against him

for the purposes of § 144.  Similarly, Bendy does not point to anything that allows a reasonable person to question the court's impartiality under § 455(a), involves extrajudicial information about any evidentiary facts that are disputed under § 455(b)(1), or suggests that fair judgment is impossible.  Therefore, Bendy has failed to provide a basis that requires recusal under either § 144 or § 455.  Such a decision is within the discretion of the court, and the undersigned judge declines to recuse herself in this situation.

In accordance with the forgoing analysis, Bendy's *pro se* Motion to Recuse and Disqualify District Judge (#565) is DENIED.

SIGNED at Beaumont, Texas, this 17th day of June, 2026.

*Marcia A. Crone*

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE