UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA          §
                                  §
*versus*                          §    CASE NO. 1:24-CR-109(2)
                                  §
DARRELL JOSHUA BENDY              §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion to Suppress Evidence and Relief Based on Constitutional Violation (#585). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I.    Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841.

Prior to trial, Bendy filed four motions to suppress evidence related to two traffic stops that occurred on August 14, 2023, and April 20, 2024 (#s 311, 313, 353, 363). The Government filed responses in opposition (#s 339, 375). On October 1, 2025, and October 31, 2025, United States Magistrate Judge Christine L. Stetson heard testimony and oral argument concerning these motions. She subsequently entered a Report and Recommendation finding that Bendy lacked standing to contest the stop on August 14, 2023, and that the search and seizure on April 20, 2024,

was lawful (#394). Therefore, she recommended denying Bendy's motions. Bendy objected to Judge Stetson's findings, arguing that she misapplied the law regarding standing, failed to recognize the limits of third-party consent, overlooked the unlawful extension of the traffic stop, and improperly relied on the automobile exception (#401). On November 10, 2025, the court conducted a de novo review of the objections in relation to the parties' filings and the applicable law, and after careful consideration, adopted the Report and Recommendation, finding that the objections were without merit and that Judge Stetson correctly concluded that Bendy lacked standing as to the August 14, 2023, traffic stop, and that the April 20, 2024, search and seizure was lawful (#406).

The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight. On December 2, 2025, following the jury's verdict, Bendy filed a "Response to the Suppression Hearing Magistrate Judge Report and Recommendation" (#435), wherein he requested the court to "further review" his contentions that the evidence acquired through the August 14, 2023, and April 20, 2024, traffic stops should be suppressed. The court denied the request (#437). Bendy is currently awaiting sentencing.

II.    Analysis

In his present motion, Bendy "moves for relief based on unlawful surveillance, improper admission of evidence, and constitutional violation." Bendy contends that the "Government failed to comply with minimization requirements under 18 U.S.C. § 2518," "presented or failed to correct false testimony," and "failed to properly authenticate video evidence." These grounds

appear to be unrelated to his prior motions to suppress.  Bendy offers no further elaboration in support of his motion.

Bendy's motion lacks specificity and clarity as to the alleged errors he asserts.  Although *pro se* motions are entitled to liberal construction, "*pro se* litigants are still required to provide sufficient facts in support of their claims." *Frazier v. Morris*, No. 2:11CV104-MPM-DAS, 2014 WL 4686723, at *4 n.17 (N.D. Miss. Sept. 18, 2014) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)); *accord Chow v. United States*, No. 20-30503, 2021 WL 3438365, at *2 (5th Cir. Aug. 5, 2021) ("Although we liberally construe the briefs of *pro se* litigants, arguments must be briefed in order to be preserved."); *United States v. Ford*, No. CR 21-16-SDD-RLB, 2024 WL 4993385, at *3 (M.D. La. Dec. 5, 2024); *United States v. Obregon*, No. CR H-18-533-2, 2023 WL 4494353, at *1 (S.D. Tex. July 10, 2023).  "Even under the rule of liberal construction, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Frazier*, 2014 WL 4686723, at *4 n.17 (quoting *Pineda*, 988 F.2d at 23); *accord Ford*, 2024 WL 4993385, at *3; *Obregon*, 2023 WL 4494353, at *1.  Because Bendy fails to provide sufficient explanation of the alleged faults he seeks to address, his motion is properly denied.

Furthermore, the court notes that Bendy's motion was filed long after the court-imposed deadlines for raising suppression issues.  The most recent Pretrial Order (#299) provided that motions to suppress evidence shall be filed on or before September 12, 2025.  Even under the extensions that the court granted Bendy, motions to suppress should have been filed no later than October 30, 2025 (#359).  Bendy filed the instant motion on May 29, 2026, nearly 7 months after the extended deadline, and more than 6 months after the jury returned a guilty verdict.

"Rule 12(c) of the Federal Rules of Criminal Procedure authorizes a district court to set a deadline for the filing of pretrial motions, including motions to suppress evidence." *United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011); *accord United States v. Garcia*, 488 F. App'x 804, 809 (5th Cir. 2012); *United States v. Knezek*, 964 F.2d 394, 397-98 (5th Cir. 1992). "A defendant waives suppression issues not raised by the district court's deadline." *Oliver*, 630 F.3d at 411; *see* FED. R. CRIM. P. 12(e); *accord United States v. Seymour*, 101 F. App'x 967, 968 (5th Cir. 2004). A court, however, may consider an untimely motion if the party shows "good cause." FED. R. CRIM. P. 12(c)(3); *United States v. Bourrage*, 138 F.4th 327, 340 (5th Cir. 2025) (holding that the district court did not abuse its discretion in denying a motion to suppress as untimely because "defendants did not make a sufficient showing of good cause for the late filing of the motion, and, moreover, they made no attempt to show prejudice").

Because Bendy filed his motion well after the deadline and well after the completion of the trial, he must show good cause. Bendy offers no explanation as to why he did not meet the suppression motion deadline. The court determines that Bendy has failed to establish good cause and the motion should be denied.

III.    Conclusion

Thus, Bendy's *pro se* Motion to Suppress Evidence and Relief Based on Constitutional Violation (#585) is DENIED.

 SIGNED at Beaumont, Texas, this 17th day of June, 2026.

_Marcia A. Crone_

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE