**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion to Unseal Government Filing, to Vacate or Modify Prior Sealing Orders, to Require Particularized Findings in Support of Any Future Sealing (#612). The Government filed a response (#627), and Bendy filed a reply (#629). Having considered the motion, the Government's response, Bendy's reply, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted in part and denied in part.

I. Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. The case proceeded to a six-day jury trial, beginning on November 12, 2025, and Bendy was ultimately found guilty by the jury of both Counts One and Eight. The Final Presentence Investigation Report was filed August 5, 2026, and the sentencing hearing has been set for Tuesday, September 1, 2026.

## II. Analysis

Bendy contends that the Government has "routinely submitted responses under seal, and in some cases, undocketed." Bendy identifies two responses that the Government submitted under seal in this matter: the Government's Response to Bendy's Motion to Dismiss (#464) and the Government's Response to Bendy's Motion for New Trial (#603).[1] Bendy asserts that "repeated sealing of the Government filings has substantially hindered Defendant[']s ability to fully address the Government[']s arguments and undermined the transparency trad[it]ionally afforded judicial proceedings."

In response, the Government raises a variety of concerns related to Bendy's request. First, it avers that it properly filed the two responses under seal because they include "specific information relating to evidence within this case (covered by the [Amended] Protective Order), testimony before the Grand Jury, or discussions about cooperation." The Government contends that the inclusion of this information warrants the sealing of the responses under the terms of the Amended Protective Order. Second, the Government notes that the issues raised in Bendy's motions required responsive pleadings that discussed protected and/or sensitive material. In other words, it was Bendy who put the protected and sensitive information at issue—"The Government did not initiate the filing of motions which invoked discussion related to protected or sensitive material." Third, the Government observes that many of Bendy's filings have contained inconsistent signatures and do not appear to be authored by a single person. "This fact heightens the Government's fear that protected material will be disseminated to disinterested and

---

[1] Indeed, the court's own review of the record revealed no additional responses filed by the Government under seal in this matter. Bendy does not identify any filings that are not part of the court's electronic docket.

unauthorized persons." Fourth, the Government cites the large volume of post-trial motions and contends "redaction would be burdensome." Fifth, the Government highlights that complete copies of all responses (including the identified responses) were tendered to Bendy and his stand-by counsel, and thus, the sealing of these documents has not inhibited Bendy's ability to represent himself. Sixth, the Government states that no request for modification or relief from the Amended Protective Order has been granted. Seventh, the Government asserts that Bendy has violated the Amended Protective Order by attaching un-sealed copies of the Government's responses to his pending motion.

The operation of the court system is a matter of "utmost public concern," and the public has a right of access to documents or materials filed in a district court. *Landmark Commc'n, Inc. v. Virgina*, 435 U.S. 829, 839 (1978); *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020) ("Criminal proceedings and related documents are thus presumptively open to the public." (citing *Press-Enter. Co. v. Superior Ct. of Cal.*, 478 U.S. 1, 9 (1986); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004))); *Bradley v. Ackal*, 954 F.3d 216, 224 (5th Cir. 2020). The United States Court of Appeals for the Fifth Circuit has acknowledged that "the common law right of access to judicial records has consistently been addressed on a case-by-case basis." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017); *accord Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (stating courts use the relevant facts and circumstances of each case when weighing the public's common law right of access against the interests favoring nondisclosure); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978) (the public has a right "to inspect and copy public records and documents, including judicial records and documents which

is not absolute"); LOCAL RULE CR-49(b). In exercising its discretion regarding sealing judicial records, the district court "must balance the public's common law right of access against the interests favoring nondisclosure" and acknowledge "[t]he presumption in favor of the public's common law right of access to court records." *Sealed Search Warrants*, 868 F.3d at 393-95; *Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 201 (5th Cir. 2010) (when determining whether to seal documents, the district court balances the privacy interest against public's right to access).

The court may take reasonable measures to restrict the availability of certain types of information:

> If the unsealing of . . . materials would threaten an ongoing investigation, the district court has discretion to make redactions prior to unsealing or, where necessary, to leave the materials under seal. The same is true where unsealing such materials might endanger or discourage witnesses from providing evidence or testimony, or where the publication of a warrant could damage an unindicted target's reputation while leaving no judicial forum to rehabilitate that reputation.

*Sealed Search Warrants*, 868 F.3d at 395.

Under the Eastern District of Texas's Local Rules, "[i]n order to serve the legal presumption of openness in criminal case proceedings, pleadings in this court are generally to be filed unsealed." Local Rule CR-49(b). Except in limited circumstances not present here, "decisions as to whether to seal a particular pleading are made on a case-by-case basis by the court, with findings specific enough that a reviewing court can determine whether the sealing or closure was properly entered." *Id.* The Local Rules further specify that after the court grants leave to file a document under seal, the filing party "must publicly file a version of that document

with the confidential information redacted within seven days, unless the entire document is confidential information."[2] Local Rule CV-5.

Here, the court entered the Amended Protective Order (#318) on September 10, 2025.[3] The Amended Protective Order limits the disclosure of sensitive and protected material until either the material becomes public record or the Amended Protective Order is modified. Paragraph 3 provides:

> All of the materials disclosed by the government may also contain particularly sensitive information, including but not limited to, cooperation agreements, cooperator statements, and presentence reports. All materials provided by the government in this case to stand-by counsel falls within the scope of this order and is referred to below as "Protected Discovery Material." Stand-by counsel shall maintain the Protected Discovery Material in accordance with the terms of this Modified Protective Order and shall use the Protected Discovery Material solely and exclusively in connection with the case (including providing to defendant for defendant's trial preparation, trial and appeals or other related legal proceeding) and for no other purposes. No such materials, or the information contained therein, or any information provided by a co-defendant's attorney, may be disclosed to any persons other than defendant and stand-by counsel for defendant without prior notice to and in agreement with the government, or an order from the Court. *Absent the agreement or prior permission from the Court, "Protected Discovery Material" shall not be admitted under seal (except if the defendant chooses to include in a public document with sensitive information relating solely and directly to the defendant)*.

(#318 (emphasis added)). Paragraph 9 of the Amended Protective Order specifies, in part: "any document filed by any party which attaches or otherwise discloses the contents of specially

[2] "For purposes of this rule, 'confidential information' is information that the filing party contends is confidential or proprietary in a pending motion to file under seal; information that has been designated as confidential or proprietary under a protective order or non-disclosure agreement; or information otherwise entitled to protection from disclosure under a statute, rule, order, or other legal authority." Local Rule CV-5.

[3] The Protective Order (#155) was amended to accommodate disclosure of discovery materials to Bendy and his stand-by counsel following Bendy's election to proceed *pro se* in the matter. *See* #s 290, 297, 302.

identified sensitive information as described in Paragraph 3, above, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court" (#318). The court interprets the terms of the Amended Protective Order to require that the parties either have an agreement or leave of court to file "Protected Discovery Material," under seal. If the information is "sensitive information," however, the parties may file it "under seal to the extent necessary to protect such information, absent prior permission from the court."

The court agrees that the Government's response to Bendy's Motion to Dismiss the Indictment (#464) and the Government's response to Bendy's Motion for New Trial (#603) appear to include protected and/or sensitive information. For instance, with respect to the Government's response to Bendy's Motion to Dismiss the Indictment (#464), it clearly addresses Grand Jury testimony and proceedings. The "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958); *accord Newton v. United States*, 733 F. App'x 196 (5th Cir. 2018); *see* FED. R. CRIM. P. 6(e)(3)(E). Accordingly, to the extent necessary, the court grants the Government permission to file this document under seal.

It is less obvious what information is included in the Government's response to Bendy's Motion for New Trial (#603) which it considers protected and/or sensitive that is not already part of the public record. The document, however, does briefly mention cooperation, which would warrant restricting access. *See Sealed Search Warrants*, 868 F.3d at 395. Accordingly, this document may remain under seal.

Importantly, the court's determination that a document may be filed under seal does not resolve the inquiry as to whether the *entirety* of the document may be restricted from public

access. The court believes the purposes of the Amended Protective Order would still be met if the Government were to also file redacted, publicly available versions of the responses. Considering that only two of the Government's responses are at issue, redaction does not appear to be overly burdensome. This outcome balances the public's access to judicial records with the need to protect certain information. Accordingly, the Government must publicly file a version of the two disputed documents with the protected and/or sensitive information redacted within seven days of this order.

III. Conclusion

Bendy's *pro se* Motion to Unseal Government Filing, to Vacate or Modify Prior Sealing Orders, to Require Particularized Findings in Support of Any Future Sealing (#612) is GRANTED IN PART AND DENIED IN PART. The Clerk of Court shall place the documents attached to Bendy's motion (#612) under seal.

To the extent necessary, the court grants the Government permission to file its Response to Bendy's Motion to Dismiss (#464) and its Response to Bendy's Motion for New Trial (#603) under seal. The Government shall file un-sealed versions of these documents with the protected and/or sensitive information redacted within seven days of this order.

SIGNED at Beaumont, Texas, this 24th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE