**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* Motion for Disqualification/Recusal of the Honorable Judge Marcia A. Crone Pursuant to 28 U.S.C. § 144 and § 455(a), with supporting affidavit (#638). The Government filed a response (#642). Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be denied.

I. Background

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. Bendy was previously appointed counsel in this matter but, ultimately, he elected to represent himself with the assistance of stand-by counsel. The case proceeded to a six-day jury trial, beginning on November 12, 2025. The jury found Bendy guilty of both Counts One and Eight of the Indictment.

On August 26, 2026, Bendy filed the pending Motion for Disqualification/Recusal of the Honorable Judge Marcia A. Crone Pursuant to 28 U.S.C. § 144 and § 455(a), with supporting

affidavit (#638).[1] Bendy bases his motion on a bench conference held by the court to discuss the Government's objections concerning Bendy's attempted impeachment of a Government witness at trial. Bendy asserts that because the witness was allowed to remain on the stand, purportedly within earshot of the bench conference, the undersigned should recuse herself from this case.

Sentencing in this case is set for Tuesday, September 1, 2026.

## II. Analysis

### A. 28 U.S.C. § 144

Section 144 requires recusal when a judge "has a personal bias or prejudice" against or in favor of a party. *United States v. Brocato*, 4 F.4th 296, 301 (5th Cir. 2021). The statute provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

"When a motion is filed under Section 144, the district court 'must pass on the legal sufficiency of the affidavit' without passing on the truth of the matter asserted." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 315 (5th Cir. 2012) (quoting *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517

[1] Previously, on May 20, 2026, Bendy filed a Motion to Recuse and Disqualify District Judge (#565),which the court denied (#608). In addition, Bendy has filed approximately thirty other post-trial motions (*see* #s 435, 439, 440, 446, 447, 469, 481, 482, 483, 513, 514, 515, 534, 535, 536, 537, 544, 552, 565, 566, 567, 585, 586, 604, 607, 610, 612, 619, 620, and 624).

F.2d 1044, 1047 (5th Cir. 1975)); *accord Brocato*, 4 F.4th at 301 (quoting *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003)). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Brocato*, 4 F.4th at 301 (quoting *Patterson*, 335 F.3d at 484).

B. 28 U.S.C. § 455

Section 455(a) sweeps broader than § 144: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Brocato*, 4 F.4th at 301 (quoting 28 U.S.C. § 455(a)). Additionally, a judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). A court may evaluate a motion to recuse filed against it, and the determination of whether to recuse is committed to the court's sound discretion. *Polendo v. Corpus Christi Mun. Cts.*, No. 2:25-CV-00140, 2025 WL 3471322, at *7 (S.D. Tex. Dec. 3, 2025); *In re Highland Capital Mgmt. LP*, No. 3:25-CV-2579-B, 2025 WL 3470437, at *4 (N.D. Tex. Dec. 3, 2025) (citing *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)); *United States v. Gann*, 2025 WL 3461547, at *2 (E.D. Tex. Dec. 2, 2025) (citing *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012)).

When considering a motion under § 455(a), a court considers "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 463 (5th Cir. 2020) (quoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *accord Brocato*, 4 F.4th at

302; *Patterson*, 335 F.3d at 484. Specifically, the United States Court of Appeals for the Fifth Circuit has recognized that the court must "ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while recognizing that "an observer of our judicial system is less likely to credit judges' impartiality than [other members of] the judiciary." *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995); *United States v. Gann*, No. 4:24-cv-277, 2025 WL 3461547, at *2 (E.D. Tex. Dec. 2, 2025). The purpose of § 455 is to "avoid even the appearance of partiality." *Patterson*, 335 F. 3d at 484 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). The judge's possession of extrajudicial facts is also relevant. *Tejero*, 955 F.3d at 463 (citing *Liteky v. United States*, 510 U.S. 540, 554 (1994)); *see* CHARLES A. WRIGHT ET AL., 13D FEDERAL PRACTICE AND PROCEDURE § 3542, Westlaw (database updated Apr. 2020).

C. Bendy's Motion

On November 18, 2025, Bendy conducted a cross-examination of the Government's case agent and witness, Drug Enforcement Administration ("DEA") Special Agent Gianpaolo Marchese ("Marchese"). After asking Marchese questions about his written report, Bendy apparently attempted to impeach Marchese with his prior statement to the Grand Jury. However, a prior statement of a witness may be employed for purposes of impeachment only if it is inconsistent with the witness's in-court testimony. *See United States v. Age*, 136 F.4th 193, 245, *cert. denied*, 146 S. Ct. 614 (2025); FED. RS. EVID. 613(b), 801(d)(1)(A). Here, it does not appear that Marchese ever made an inconsistent statement at trial.[2] As Counsel for the Government, Jonathan Lee

[2] However, after the protracted and confusing bench conference, Marchese responded, "I don't recall what I said in grand jury."

(“Lee”), commented in his response, “a cloud of confusion was overtaking the courtroom,” as no inconsistency was apparent. Accordingly, the Government objected to Bendy’s attempt to impeach using the Grand Jury transcript and requested a bench conference to argue its objection outside of the hearing of the jury. Lee and Bendy’s stand-by counsel, Langston Adams (“Adams”), participated in the bench conference. Marchese remained on the witness stand, but at some distance away from where the lawyers whispered their remarks to the judge and the court reporter. No objection was raised to allowing Marchese to remain at the witness stand. Adams explained that Bendy was attempting to impeach Marchese with his prior Grand Jury testimony. Counsel for the Government objected on the basis that the prior statement was not inconsistent and that the procedure employed by Bendy was improper.

The court understands Bendy’s current position to be that the court improperly allowed Marchese to remain on the witness stand during the bench conference, thereby disclosing his impeachment strategy. Bendy asserts that this “undermined the fairness and effectiveness of that cross-examination.” Bendy further contends “the witness’s subsequent changes [in] his testimony or manner of responding is relevant to the objective appearance created by the Incident.”

First, Bendy fails to identify any inconsistent statement between Marchese’s Grand Jury testimony and trial testimony—therefore, there was no opportunity to impeach Marchese with a prior inconsistent statement. Second, holding a bench conference during trial so that the parties may argue evidentiary objections without being overheard by the jury in no way suggests that the court possesses any bias. Rather, the bench conference is intended to protect the integrity of the proceedings. Here, no one asked for Marchese to be removed from the witness box or otherwise objected to the bench conference. Furthermore, during the bench conference, the undersigned

agreed with Adams that Bendy would be entitled to use a prior inconsistent statement to the Grand Jury testimony to impeach Marchese, if there was, in fact, an inconsistent statement.[3] Thus, under the circumstances, the undersigned judge is not required to recuse herself.

As noted by the Government, the court has allowed Bendy to articulate his objections and contest various actions. At no time has the court expressed bias or prejudice toward Bendy, nor could any reasonable or rational person find evidence of partiality within the court's actions. Bendy's allegations are without merit—they are unsupported by the evidence, insufficient, and untrue. Moreover, Bendy's claims stem from actions that were judicial, not personal. As previously pointed out in Docket No. 608, this court has no personal knowledge of Bendy, his family, his activities, or the facts of this case. In short, the actions by this court were lawful and legally sound, thus not wrongful or inappropriate. At trial, Bendy attempted to manufacture a prior inconsistent statement for impeachment purposes that did not exist. Now, at the eleventh hour before sentencing, he is attempting to manufacture a conflict of interest or ground for recusal that, likewise, does not exist.

## III. Conclusion

In sum, contrary to Bendy's assertions, the circumstances surrounding the bench conference would not convince a reasonable person that the court is biased against him for purposes of § 144. Similarly, Bendy does not point to anything that allows a reasonable person to question the court's impartiality under § 455(a), involves extrajudicial information about any evidentiary facts that are disputed under § 455(b)(1), or suggests that fair judgment is impossible.

[3] The court did not possess a copy of the Grand Jury testimony, as it was not introduced or admitted into evidence, so the court was unable to consult a written version of the testimony for more clarification.

Therefore, Bendy has failed to provide a basis that requires recusal under either § 144 or § 455. Such a decision is within the discretion of the court, and the undersigned judge declines to recuse herself in this situation.

In accordance with the forgoing analysis, Bendy's *pro se* Motion to Recuse and Disqualify District Judge (#638) is DENIED.

SIGNED at Beaumont, Texas, this 31st day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE