**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:24-CR-109(2) |
| | § | |
| DARRELL JOSHUA BENDY | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Darrell Joshua Bendy's ("Bendy") *pro se* letter motion requesting "entire oral/verbal recordings of entire proceedings and also jury notes." (#666). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be denied.

On November 6, 2024, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a thirteen-count Indictment against Bendy and thirteen co-defendants. The Indictment charged Bendy in Count One with Conspiracy to Possess with the Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 846, and in Count Eight with Possession with Intent to Distribute 50 Grams or More of "Actual" Methamphetamine, in violation of 21 U.S.C. § 841. Bendy was previously appointed counsel in this matter, but ultimately, he elected to represent himself with the assistance of stand-by counsel. The case proceeded to a six-day jury trial, beginning on November 12, 2025. The jury found Bendy guilty of both Counts One and Eight of the Indictment. At Bendy's request, the jury was polled, and each juror affirmed that the verdict was his or her verdict. The verdict was confirmed and accepted by the court. On September 2, 2026, the court held a sentencing hearing, which was resumed and completed on September 4, 2026. The court sentenced Bendy to 480 months' imprisonment, to be followed by a 5-year term of supervised release.

On April 17, 2026, the court granted Bendy's request for transcripts of the trial proceedings from November 12, 2025, to November 19, 2025 (#510). On August 6, 2026, the court granted Bendy's request for a transcript of the June 2, 2026, hearing held before Judge Stetson (#633). On September 10, 2026, the court granted Bendy's request for transcripts of the sentencing hearing (#661).

On October 2, 2026, Bendy filed the pending motion, stating that he has "Volume 1-6,"[1] of the trial transcripts, but that he "is missing portions that Defendant is going to make appeal argument on." Bendy requests "the entire oral/verbal recordings of entire proceedings and also jury notes." Notably absent from Bendy's motion is any description of the allegedly "missing portions," a showing that the transcript does not comport with the trial proceedings, or an explanation as to how the requested material is necessary to his appeal.

Title 28 United States Code Section 753 requires that court proceedings be recorded by a reliable method, including stenographic means or audiotape, and requires that the court reporter file the "original records" with the court. 28 U.S.C. § 753(b); *In re Pratt*, 511 F.3d 483, 485 (5th Cir. 2007). "The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). Bendy has not shown a right of access to the audiotapes nor has he "shown reason to doubt the accuracy of the transcript provided." *In re Pratt*, 511 F.3d at 483. Bendy provides no justification, and the court is unaware of any reason,

[1] The court reporter prepared the complete trial transcript and divided it into six volumes (#s 557-62).

to doubt the accuracy of the transcript. Accordingly, Bendy's request for the audio recordings is denied.

With respect to Bendy's request for "jury notes," to the extent that he is asking for the sealed Jury Notes Numbers 1-3 (#432), these are confidential communications from the jury to the court. Jury Note No. 1 notified the court of the selection of the foreperson. Jury Note No. 2 requested technical assistance with the court's audio visual equipment. Jury Note No. 3 informed the court that the jury had reached its verdict. Bendy does not explain any purpose for requesting these notes or how they are relevant to his appeal. Accordingly, Bendy's request is denied.

In accordance with the foregoing, Bendy's *pro se* letter motion (#666) is DENIED.

SIGNED at Beaumont, Texas, this 12th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE